### Smith v. Koehne
*[Cite as 8 AOA 664]*

*Case No. 89-A-1474*
*Ashtabula County, (11th)*
*Decided November 30, 1990*

Robert M. McNair, 35 West Jefferson Street, Jefferson, Ohio 44047, for Plaintiff-Appellant/Cross-Appellee.

Thomas Sartini, 4717 Park Avenue, Ashtabula, Ohio 44004, for Defendant-Appellee/Cross-Appellant.

WISE, J.

This is an appeal from a judgment of the Court of Common Pleas, Ashtabula County, granting Raymond Koehne's (appellee) motion to reopen the Estate of Dora Mae Smith, deceased (appellant); vacating the court's previous order settling the account; finding that there was no ademption of the specific legacy made by testatrix in Item Two of her will; and, granting judgment to appellee against appellant in the amount of $5,361.04.

Appellant timely appealed and argues the following three assignments of error:

"1. The trial court's decision to allow evidence proffered by Raymond H. Koehne as to statements made by the testator (sic) decedent is contrary to law.

"2. The trial court by its order granting judgment to Raymond H. Koehne of $5,361.03 (sic) ruled that this particular bequest was not adeemed has erred and such order is against the manifest weight of the evidence and contrary to law.

"3. The trial court by granting judgment to appellee, Raymond H. Koehne, for $5,361.04 by ruling this bequest was not a condition precedent has erred and such order is contrary to law and against the manifest weight of the evidence."

Appellee argues the following sole cross-assignment of error:

"The trial court erred by not granting appellee judgment for the entire amount of the cashier's check, i.e. $15,233.80."

Prior to October 14, 1980, decedent, Dora Mae Smith, had on deposit with the Pennbank of Linesville, Pennsylvania, funds in three separate accounts as follows:

(1) Unimatic Savings Account No. 06-73428-9, opened 9/15/70;

(2) Certificate of Deposit No. 08756, opened 12/24/74; and

(3) Certificate of Deposit No. 35522, opened 5/15/78.

On October 14, 1980, decedent executed her Last Will and Testament which provided, in pertinent part, as follows:

"Item Two. If at the time of my decease I still hold a savings account in the Pennbank of Linesville, Pennsylvania, I give, devise and bequeath said savings account to my friend, Raymond H. Koehne, of Saxonburg, Pennsylvania, to be his absolutely and forever."

Decedent died on June 7, 1985, and included in the contents of her safety deposit box was a Pennbank Treasurer's Check No. 395217 in the amount of $15,233.80. The estate, consisting of $227,530.63 was distributed without any monies being distributed to appellee in accordance with Item Two of the will. The trial court granted appellee's motion to reopen the estate and permitted "introduction of relevant extrinsic evidence to aid [the court] in the interpretation of Item Two of the Last Will and Testament of the decedent." The parties agreed to submit proffers of evidence and briefs.

Appellant argues that the trial court's decision to allow evidence proffered by appellee as to statements made by the deceased testatrix is contrary to law and a violation of Evid. R. 804(B)(5).

Appellant poses this assignment of error very narrowly by objecting to the proffered statements made by the testatrix and to a letter written by her to appellee. We do not read the assignment of error as to be an objection to the trial court's ruling that "permitted introduction of extrinsic evidence by the parties to aid the court in interpreting Item Two of decedent's Will ***."

· Appellant argues that Evid. R. 804(B)(5) prohibits appellee from introducing declarations of decedent testatrix. We agree with appellant as to the statements of decedent. Although Evid. R. 804(B)(5) is an exception to the hearsay rule, it does not apply to the statements made by decedent offered by the appellee as coming within its purview.

"Evid. R. 804(B)(5) is a hearsay exception for the declarations of a decedent which rebut

testimony of an adverse party and is available only to the party substituting for the decedent." *Testa v. Roberts* (1988), 44 Ohio App. 3d 161, paragraph six of the syllabus.

However, while Evid. R. 804(B)(5) makes the declarations of decedent incompetent as hearsay, the same is not true as to the written letters introduced (proffered Exhibit "D") by appellee and such exhibit was properly received and considered as "extrinsic evidence."

Appellant's first assignment of error is sustained to the extent that any proffered declarations of decedent are incompetent, but the assignment of error is overruled as to the written proffered letter.

In its second assignment of error, appellant argues that the trial court's ruling that there was no ademption as to the bequest in Item Two of the Will was against the manifest weight of the evidence and contrary to law. We do not agree.

Included in the inventory of testatrix's safety deposit box was a "check from Pennbank No. 395272 dated 5/14/85 - $15,233.80" (see schedule of assets). At the time of her death, Pennbank still held $15,233.80 of testatrix's money, but instead of being evidenced by a "savings account" payable to Dora Mae Smith, it now was a treasurer's check payable to Dora Mae Smith. This fact raises two questions:

(1) was the check issued by Pennbank consisting of the total of the three accounts testatrix had with Pennbank still a "savings account" so as to conform to the language of the bequest in Item Two, or had the acts of the testatrix by changing the deposits into a check so altered the form as to indicate a change of testamentary intent on her part so as to result in an ademption of the legacy; and

(2) if there was no ademption, then was the total amount of the check to pass under Item Two to appellee or only that amount represented by the prior existing "savings account?"

The general rule is that wills should be construed to uphold rather than defeat devises and bequeaths, but all rules yield to, or may be considered in aid of, the primary rule, that is, to find and give affect to the mind and purpose of the testatrix.

"In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator." *Townsend Exr's v. Townsend, et al.,* 25 Ohio St. 477, paragraph one of the syllabus.

The admissible evidence established:

"(1) Prior to May 14, 1985, decedent wrote a letter to her friend appellee asking him to take her to Pennsylvania to get 'my bank deposits' and to close her accounts because they were dormant; she thought the government was going to take her deposits. See proffered Exhibit 'D';

"(2) On May 14, 1985, decedent resided in Jefferson, Ohio, and had a sister and three brothers also residing in Jefferson, Ohio. Appellee lived in Pennsylvania;

"(3) On May 14, 1985, decedent went by automobile to Pennbank and cashed in the two certificates of deposit and her savings account and received a single Pennbank Treasurer's Check No. 395272 in the sum of $15,233.80, representing the total amount in the three accounts;

"(4) Decedent was then driven back to her local bank in Jefferson, Ohio, by appellee; and, when they arrived, the man that decedent did business with was not there that week. Decedent placed the Pennbank check in her safety deposit box;

"(5) Sunday, May 19, 1985, decedent was taken to the hospital and thereafter died on June 7, 1985, with the Pennbank check still in her safety deposit box uncashed."

It is important to note that the actual monies of decedent were still in Pennbank at the date of her death. Instead of having a savings account passbook and two certificates of deposit as evidence of decedent's ownership (or of the bank's indebtedness), she now held a treasurer's check which attested to the Pennbank's indebtedness to her.

The decisions indicate that a radical or material alteration or change in the subject matter of a legacy operates as an ademption (from the Latin *ademption,* which means "a taking away," *Bool v. Bool,* (1956), 165 Ohio St. 262.) But, if the change affected has been slight, so that the property described in the will had retained its substantial identity, there will be no ademption. See Decedents' Estates, 32 Ohio Jurisprudence 377, section 901.

We find, and so hold, that there is some competent, credible evidence to support the trial court's finding that the testamentary intent of testatrix did not change as a result

of her actions on May 14, 1985, and that therefore there was no ademption.

"The law in Ohio is clear that an appellate court will not disturb the findings of the trier of fact unless they are against the manifest weight of the evidence. *Landis v. Kelly* (1975), 27 Ohio St. 567; *State, ex rel. Shady Acres Nursing Home, Inc. v. Rhodes* (1983), 7 Ohio St. 3d 7. Moreover, if the judgment of the trial court is supported by some competent, credible evidence, it will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]; *State, ex rel. Shady Acres Nursing Home, Inc., supra.*" *Kinney v. Mathias* (1984), 10 Ohio St. 3d 72, 73-74.

Appellant's second assignment of error is overruled.

Appellant, in its third assignment of error, argues that the word "if" constitutes a condition precedent and since there was no "savings account" at Pennbank at the time of decedent's death, the court erred in granting judgment to appellee.

This argument really begs the question and is without merit. The money was still at Pennbank, in the form of a check, not in a savings account. The issue really remains with or without the word "if," did the actions of testatrix on May 14, 1985 change her testamentary intent so as to accomplish an ademption of the legacy? The trial court found that there was no ademption and as set forth in our discussion of Assignment of Error No. 2, we agree.

Appellant's third assignment of error is overruled.

We now consider appellee's cross-assignment of error.

Appellee argues that testatrix's intent, as shown by the extrinsic evidence, was to bequeath to appellee the total of the deposits at Pennbank, namely $15,233.80 as evidenced by Check No. 395272.

We agree that if the declarations of decedent were competent evidence, then such a result would follow. But as held in our discussion of appellant's first assignment of error, statements made by decedent and proffered by appellee, were incompetent and cannot be considered.

While the competent evidence established that testatrix's intent was to preserve the bequest, there is no evidence to enlarge the words "savings account" to include the certificates of deposit.

We overrule' appellant's cross-assignment of error.

For the foregoing reasons, the judgment of the Court of Common Pleas of Ashtabula County is affirmed.

HOFSTETTER, P.J., and KERNS, J., concur.

WISE, J., Ret. Fifth Appellate District, HOFSTETTER, P.J., Ret., Eleventh Appellate District, and KERNS, J., Ret., Second Appellate District, sitting by assignment.